# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUSTIN J. CARSTEN, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-cv-00733 |
| CINDY A. BOYLAN and ANDREW F. BOYLAN, her husband, | (SAPORITO, M.J.) |
| Defendants. | |

## MEMORANDUM

This diversity action arises out of a motor vehicle accident which occurred on December 1, 2015, on State Route 209 in Chestnuthill Township, Monroe County, Pennsylvania. This matter is before us on the defendants' motion for partial dismissal under Fed. R. Civ. P. 12(b)(6). (Doc. 7). For the reasons set forth herein, we will deny the motion.

### *I. Statement of the Case*

In the complaint, the plaintiff, Dustin J. Carsten, has alleged that on December 1, 2015, he was travelling south on S.R. 209 in Monroe County, Pennsylvania. At the same time, the defendant, Cindy Boylan, was travelling north on the same road when she left the northbound

lane and entered the southbound lane causing a head-on collision with the plaintiff's vehicle, resulting in serious injuries to the plaintiff. The plaintiff alleges in the complaint that the conduct of the defendant Cindy Boylan was negligent, careless, gross, wanton, and reckless. (Doc. 1). He has alleged various failures by Cindy Boylan, including failure to properly observe the roadway and vehicles on the roadway; operating her vehicle without due regard for the rights, safety, and position of the plaintiff; operating her vehicle so as to bring it into sudden and forcible contact with the plaintiff's vehicle; driving while distracted; failure to give warning of her approach and to maneuver her vehicle so as to avoid a collision; failure to maintain adequate control over her vehicle; operating her vehicle at an unsafe speed under the circumstances and in careless and reckless disregard for the safety of others; operating her vehicle directly into the path of another vehicle; negligently crossing into plaintiff's lane of travel; and failing to obey the rules of the road.

The plaintiff has also maintained a claim against defendant Andrew F. Boylan, the husband of Cindy Boylan, alleging that he negligently entrusted his vehicle to defendant Cindy Boylan when he knew, or should have known, that she lacked sufficient skill, judgment,

and prudence in the operation of a motor vehicle and failed to adequately instruct her in the safe operation of a motor vehicle prior to entrusting her with it. (*Id.* ¶ 29). The plaintiff also alleged that defendant Andrew F. Boylan failed to prevent Cindy Boylan from operating the vehicle until she had sufficient ability to operate it safely and failing to adequately ascertain that she lacked the ability necessary to safely operate the vehicle under the circumstances. (*Id.*). In their motion for partial dismissal, the defendants seek to dismiss allegations of reckless and wanton misconduct which they contend to be a "veiled claim for punitive damages." (Doc. 9, at 1). Although it is not set forth as a separate motion, we construe the motion also as a motion to strike pursuant to Fed. R. Civ. P. 12(f) in that the defendants have asked the court to strike the allegations relating to wanton and reckless conduct from the complaint. The matter has been fully briefed and is ripe for a decision.

## II.  *Legal Standards*

### a. *Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which

relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne Cty. Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007).

### b. Motion to Strike Rule

Fed R. Civ. P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief." *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp 1279, 1291-92 (D. Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "'Scandalous matter' has been defined as 'that which improperly casts a derogatory light on someone, most typically on a party to the action.'" *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. 1988). "Scandalous pleading" must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'" *Id.* "The purpose of the provision is to clean-up the pleadings, streamline the litigation and avoid inquiry into irrelevant matters." *Medevac Atlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011). "[A]lthough Rule 12(f) grants the court the power to grant a motion to strike, such motions are not favored and usually will be denied unless

the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Dann v. Liacola Nat'l Corp.*, 274 F.R.D. 139, 142-43 (E.D. Pa. 2011) (internal quotations marks omitted). Rule 12(f) should not be used to determine disputed and significant questions of law. *Id.* However, "[d]espite courts' distaste for striking pleadings and portions thereof, doing so is appropriate when the type or amount of relief sought is unavailable under law." *Medevac*, 817 F. Supp. 2d at 520. Regardless, striking a pleading is a "drastic remedy" that should be "sparingly used by courts." *N. Penn Transfer, Inc. v. Victauloc Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994).

### III. Discussion

The plaintiff is a citizen of Texas and the defendants are citizens of New Jersey. (Doc. 1 ¶¶ 1-5). The accident occurred in Pennsylvania and the amount in controversy is alleged to be greater than $75,000. (*Id.* ¶ 7). Thus, we have jurisdiction under 28 U.S.C. § 1332(a). As the accident occurred in Pennsylvania, its substantive laws apply. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

The defendants assert that the reckless and wanton conduct

6

allegations contained in the complaint at paragraphs 13, 24, 25, 28, and 29 should be stricken because the plaintiff's claims sound exclusively in negligence and do not support a claim for punitive damages. In response, the plaintiff contends that he has alleged a sufficient basis for the imposition of punitive damages and that it would be premature for us to grant the defendants' motion without affording the plaintiff an adequate opportunity to engage in discovery where the defendants' reckless and wanton conduct could be ascertained. We agree.

"Generally, courts grant motions to strike requests for particular types of relief, such as punitive or compensatory damages, when such relief is not recoverable under the applicable law." *Fawcett v. IDS Fin. Servs., Inc.*, Civ. A. No. 85-853, 1986 WL 9877, at *6 (W.D. Pa. Jan. 7, 1986).

Pennsylvania law allows punitive damages when the defendant has an evil motive or reckless indifference to the rights of others. Punitive damages are available only when the "defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)). This type of damage is not

compensatory in nature, but is meant "to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious." *Phillips v. Cricket Lighters*, 883 A.2d 439, 446 (Pa. 2005). To establish a claim for punitive damages the evidence must be sufficient to show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk." *Hutchinson*, 870 A.2d at 772. "[T]he determination of whether an individual was reckless inherently involves a fact-finding inquiry." *Mulholland v. Gonzalez*, 2008 WL 5273588, *3 (E.D. Pa. Dec. 18, 2008).

Here, the plaintiff alleges that defendant Cindy Boylan drove recklessly as set forth above and that defendant Andrew F. Boylan was reckless in his entrustment of the vehicle to his wife. The plaintiff also asserts that discovery relating to the defendants' liability, which has not yet taken place, may provide support for a finding that either or both of them exhibited reckless or wanton conduct. While bare allegations in the plaintiff's complaint alone may not be sufficient to convince a jury of either defendant's recklessness or wantonness,

8

subsequent discovery might find evidence supporting these claims. *Fiorelli v. Ontario, Inc.*, No. 3:14-cv-2405, 2015 WL 39116611 (M.D. Pa. June 25, 2015). If, after the conclusion of discovery, the evidence does not support a finding of reckless or wanton conduct, the defendants may move for partial summary judgment on this issue.

Having reviewed the complaint, we are unable to conclude at this, the pleading stage, that these particular allegations have no possible relation to the controversy before us, nor that these allegations may cause prejudice to any of the parties, nor that these allegations will confuse the issues. Moreover, the type of relief sought is not unavailable under Pennsylvania law—punitive damages are available to a plaintiff in a negligence action, provided he proves recklessness as well. *See Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.* 801 F.3d 347, 359 (3d Cir. 2015).

Finding none of the cited allegations to be immaterial, impertinent, or scandalous, we will deny the defendants' motion.

An appropriate order follows.

***s/ Joseph F. Saporito, Jr***.
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: October 2, 2017