# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN. J. CARSTEN, | : | |
| | : | |
| Plaintiff, | : | No. 3:17-cv-00733 |
| | : | |
| v. | : | (Saporito, M.J.) |
| | : | |
| CINDY A. BOYLAN and | : | |
| ANDREW F. BOYLAN, her | : | |
| husband, et al., | : | |
| | : | |
| Defendants | : | |
| v. | : | |
| | : | |
| WASTE MANAGEMENT OF | : | |
| PENNSYLVANIA, INC. and | : | |
| BRANDON BOYINGTON, | : | |
| | : | |
| Additional Defendants. | : | |

## MEMORANDUM

This diversity action arises out of a motor vehicle accident which occurred on December 1, 2015, on State Route 209, Chestnut Hill Township, Monroe County, Pennsylvania. The plaintiff, Dustin J. Carsten, filed his complaint in this court on April 25, 2017. (Doc. 1). Carsten named as defendants. Cindy A. Boylan and Andrew F. Boylan (the "Boylans").

On December 1, 2017, the Boylans filed a joinder complaint

naming Brandon Boyington and Waste Management of Pennsylvania, Inc. as additional defendants. (Doc. 20). On the same day, Carsten filed a third party complaint against Boyington and Waste Management. (Doc. 21). The Boylans filed their answer with affirmative defense to plaintiff's complaint on December 21, 2017. (Doc. 28). On February 12, 2018, Boyington and Waste Management filed motions to dismiss the plaintiff's complaint and third party complaint and the joinder complaint. (Doc. 35; Doc. 36). The Boylans concur in the motions to dismiss. The motions have been briefed and they are ripe for a decision. For the reasons set forth below, we will deny the motions.

## I. *Statement of Facts*

In the complaint, Carsten, has alleged that on December 1, 2015, he was travelling south on S.R. 209 in Monroe County, Pennsylvania. At the same time, the defendant, Cindy Boylan, was travelling north on the same road when she left the northbound lane and entered the southbound lane causing a head-on collision with the plaintiff's vehicle, resulting in serious injuries to the plaintiff. The plaintiff alleges in the complaint that the conduct of the defendant Cindy Boylan was negligent, careless, gross, wanton, and reckless. (Doc. 1). He has

alleged various failures by Cindy Boylan, including failure to properly observe the roadway and vehicles on the roadway; operating her vehicle without due regard for the rights, safety, and position of the plaintiff; operating her vehicle so as to bring it into sudden and forcible contact with the plaintiff's vehicle; driving while distracted; failure to give warning of her approach and to maneuver her vehicle so as to avoid a collision; failure to maintain adequate control over her vehicle; operating her vehicle at an unsafe speed under the circumstances and in careless and reckless disregard for the safety of others; operating her vehicle directly into the path of another vehicle; negligently crossing into plaintiff's lane of travel; and failing to obey the rules of the road.

The plaintiff has also maintained a claim against defendant Andrew F. Boylan, the husband of Cindy Boylan, alleging that he negligently entrusted his vehicle to defendant Cindy Boylan when he knew, or should have known, that she lacked sufficient skill, judgment, and prudence in the operation of a motor vehicle and failed to adequately instruct her in the safe operation of a motor vehicle prior to entrusting her with it. (*Id.* ¶ 29). The plaintiff also alleged that defendant Andrew F. Boylan failed to prevent Cindy Boylan from

operating the vehicle until she had sufficient ability to operate it safely and failing to adequately ascertain that she lacked the ability necessary to safely operate the vehicle under the circumstances.

In the joinder complaint, the Boylans have alleged that Boyington, in the course and scope of his employment with Waste Management, was involved in a three vehicle accident in the same location a few minutes before the Carsten-Boylan collision. Boyington was operating a Waste Management vehicle at the time of his collision with Cindy Boylan. The Boylans further alleged that Boyington negligently directed traffic to enter the southbound lane of travel and had represented to motorists, including defendant, Cindy Boylan, that it was safe to do so, and as a result, Boyington and Waste Management are jointly and severally liable to Carsten.

In the third party complaint, Carsten seeks relief against Boyington and Waste Management based upon the allegations of the joinder complaint. Separate from the instant action, the Boylans filed a suit in Court of Common Pleas of Monroe County, Pennsylvania on November 29, 2017, by filing a praecipe for a writ of summons (the "state action"). In the state action, the Boylans named as defendants

the following: Carsten; Boyington; Waste Management; the Estate of Jeannette Ferrara; Donna DiDonato, Administrator of the Estate of Jeanette Ferrara; and Barbara Tokar. (Doc. 35-2; Doc. 39-3). Thereafter, the Boylans filed their complaint in the state action on February 13, 2018. (Doc. 40, at 12-19). In that complaint, the Boylans assert negligence claims against all defendants. More particularly, the Boylans' claim against the Estate of Jeanette Ferrara and/or Donna DiDonato, Administratrix of the estate alleges that decedent, Jeanette Ferrara, was negligent by driving in the wrong lane of travel; failing to keep her vehicle under proper and adequate control; and failing to operate her vehicle in a safe and prudent manner under the circumstances. In the Boylans' claim against Barbara Tokar, they allege that Tokar was negligent by failing to exercise reasonable care to render services to protect third persons when, in the dark, she directed approaching traffic around debris from the first collision into oncoming traffic with hand motions. Neither the estate, through its administratrix, nor Tokar is a named defendant in the federal action.

In their motions to dismiss the complaint and third party complaint (Doc. 35), and the joinder complaint (Doc. 36), Boyington and

5

Waste Management maintain that this action should be dismissed under the abstention doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The plaintiffs argue that the state and federal actions are not sufficiently parallel and if so, the factors to determine abstention weigh against it.

## II. Legal Standards

Defendants move to dismiss the plaintiff's complaint and his third party complaint, as well as the Boylans' third party complaint on the basis of abstention under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* 5B Wright & Miller § 1350 (stating that claims for federal abstention may be raised under Rule 12(b)(1)). Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). The United States Court of Appeals for the Third Circuit has stated that "dismissal without retention of jurisdiction on abstention grounds is in the nature of a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Heritage Farms, Inc. v. Solebury Twp.,* 671 F.2d 743, 745 (3d Cir.1982). In resolving a Rule 12(b)(6) motion, a court must accept the plaintiff's factual allegations as true and construe them in the light most

favorable to the plaintiff in order to determine whether the plaintiff has stated facts sufficient to state a claim for relief. *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010); *Markowitz v. Ne. Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). However, a motion that challenges "the existence of subject matter jurisdiction in fact, quite apart from any pleadings," does not require a court to consider all allegations of the complaint as true because the court must weigh the evidence to ensure that it has the power to hear the case. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977).

Further, some courts have found that "abstention is a prudential rather than a jurisdictional ground for dismissal" and, therefore, do "not rely upon the pleading or burden requirements of either Rule 12(b)(1) or Rule 12(b)(6)." *See Christian Action Network v. Maine,* 679 F. Supp. 2d 140, 143 n. 2 (D. Me. 2010). Here, the relevant facts in the case are not in dispute, and the parties do not appear to dispute the Court's ability to consider exhibits and court filings attached to Carsten's complaint and defendants' motions. Accordingly, the applicability of Rule 12(b)(1) or Rule 12(b)(6) is not significant to the Court's resolution of defendants' motion.

## II. Discussion

### 1. Abstention

The defendants seek abstention under the *Colorado River* doctrine. *Colorado River* allows for federal abstention "when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299, 307 (3d Cir. 2009). The Supreme Court adopted an abstention doctrine for district courts to follow in the interests of "wise judicial administration." *Colorado River*, 424 U.S. at 818.

Abstention under *Colorado River* is "considerably more limited than the circumstances appropriate for abstention" under other doctrines. *Id.* at 818. Indeed, *Colorado River* abstention "is appropriate only when there is a 'strong federal policy against [such] litigation' " in federal court. *Spring City Corp. v. Am. Bldgs. Co.,* 193 F.3d 165, 172 (3d Cir.1999) (quoting *Univ. of Md. v. Peat Marwick Main & Co.,* 923 F.2d 265, 276–76 (3d Cir.1991)). Moreover, abstention from the exercise of federal jurisdiction is the exception, not the rule. *Nationwide*, 571 F.3d at 307 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). The doctrine is to be narrowly applied in light of the general

8

principle that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id.*

To determine whether *Colorado River* abstention is warranted, the Court first makes a threshold inquiry as to "whether there is a parallel state proceeding that raises substantially identical claims [and] nearly identical allegations and issues." *Nationwide,* 571 F.3d at 307. Generally, when cases "involve the same parties and claims," they are considered parallel proceedings for *Colorado River* abstention purposes. *Trent v. Dial Med. of Fla., Inc.,* 33 F.3d 217, 223 (3d Cir. 1994), *superseded by statute on other grounds as stated in Nat'l City Mortg. Co. v. Stephen,* 647 F.3d 78, 83 (3d Cir. 2011). If the initial inquiry is met, the Court then uses "a multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present." *Nationwide,* 571 F.3d at 308.

### *a. Parallel state proceeding*

First, we must determine whether the state action is parallel to the federal action under the *Colorado River* doctrine. "Generally, cases are parallel when they involve the same parties and claims." *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir.1997). The cases do not need to be

precisely identical, but "there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case." *Flint v. A.P. Desanno & Sons,* 234 F. Supp. 2d 506, 510–11 (E.D. Pa. 2002). However, "[w]hen the claims, parties, or requested relief differ, deference may not be appropriate." *Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 40 (3d Cir.1980). For instance, when the federal lawsuit plaintiff is a defendant in the state court proceeding, and the federal proceeding includes several defendants who are not parties to the state court proceeding, "the lawsuits are not parallel." *Bill Goodwin Const., LLC v. Wondra Const., Inc.,* No. 13–157, 2013 WL 4005307, at *8 (M.D. Pa., Aug. 5, 2013).

Here, Carsten is the plaintiff, the Boylans are defendants, and Boyington and Waste Management are additional defendants. In the state action, the Boylans are the plaintiffs, Carsten, Boyington, Waste Management, Estate of Jeanette L. Ferrara and/or Donna DiDonato, administratrix of the Estate of Jeanette L. Ferrara, and Tokar are the defendants. Neither the Estate and/or its administratrix, nor Tokar are parties in the federal action. The presence of additional parties in the state action does not destroy the parallel nature of the cases when all of

the parties in the federal action are also parties in the state action. *Flint,* 234 F. Supp. 2d at 510.

We shall presume, for purposes of this analysis that the actions are parallel and proceed to balance the multi-factor test to determine whether "extraordinary circumstances" merit abstention.

### *b. "Extraordinary circumstances"*

If a party meets the threshold inquiry under *Colorado River,* the Court then applies the multi-factor test to determine whether "extraordinary circumstances" warranting abstention exist. *Nationwide,* 571 F.3d at 309. To determine whether such "extraordinary circumstances" exist, the Court applies the following six factors:

> (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property;
> (2) the inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether federal or state law controls; and
> (6) whether the state court will adequately protect the interests of the parties.

*Nationwide,* 571 F.3d at 309.

No one factor is dispositive, and "the balancing of factors is heavily weighted in favor of the exercise of jurisdiction." *Id.* at 308

11

(internal citations omitted).

> ### *(1) [in an in rem case,] which court first assumed jurisdiction over[the] property*

In this case, the first factor is not relevant to the court's determination because this is not an *in rem* action and no property is at issue.

> ### *(2) the inconvenience of the federal forum*

The second factor refers to the federal forum's geographic location. Here, the Monroe County Court of Common Pleas sits in Stroudsburg, Pennsylvania, which is within this District and lies approximately 50 miles from the forum of the federal action in Wilkes-Barre, Pennsylvania. This leads the court to conclude that the state and federal forums are equally convenient to all parties. In addition, Boyington and Waste Management concede that the federal forum is not inconvenient. (Doc. 35, at 14). Therefore, this factor is neutral to the court's abstention analysis.

> ### *(3) the desirability of avoiding piecemeal litigation*

When analyzing this factor, it must be determined whether any federal policy advocates against piecemeal litigation in light of the

applicable law in each particular case. *Colorado River,* 424 U.S. at 819. In *Ryan,* the Third Circuit observed that because every situation involving parallel state and federal litigation is piecemeal by definition, "it is difficult to conceive of *any* parallel state litigation that would not satisfy the 'piecemeal adjudication' factor and militate in favor of *Colorado River* abstention." 115 F.3d at 198 (emphasis in original). For this factor to apply, "there must be a strongly articulated *congressional policy* against the piecemeal litigation in the specific context of the case under review." *Id.* (emphasis in original) (citing *Colorado River,* 424 U.S. at 819 ("clear federal policy" of "avoidance of piecemeal adjudication")).

In both actions, Pennsylvania negligence law applies, and there is no congressional statute or articulated policy that piecemeal litigation should be avoided in this context. "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." *Ryan,* 115 F.3d at 198 (citations omitted). Therefore, the mere existence of piecemeal litigation is not sufficient to justify abstention.

> *(4) the order in which jurisdiction was obtained*

When examining this factor, the court should look to which action was filed first as well as how much progress has been made in the two actions. *Moses H. Cone*, 460 U.S. at 21–22.

This court clearly obtained jurisdiction before the state court. The federal complaint was filed on April 25, 2017. The state action was initiated by writ of summons in the Monroe County Court of Common Pleas on November 29, 2017. However, the Boylans filed their complaint in the state action on February 13, 2018. (Doc. 40, at 12).

On July 5, 2017, in the federal action the Boylans filed a motion to dismiss (Doc. 7) which we construed as a motion to strike. There, the Boylans sought to strike the reckless and wanton conduct allegations contained in the complaint. (*Id*.). In denying the motion, we determined that a factual record on this issue was required as subsequent discovery might find evidence supporting those claims. (Doc. 18, at 8-9). Case management deadlines were established by order dated September 7, 2017. (Doc. 15). On December 29, 2017, the Boylans filed a motion in the federal action requesting an enlargement

of the case management deadlines by 60 days, which we granted. (Doc. 29; Doc. 30). The discovery deadline was set at March 15, 2018, which has passed. We therefore presume that discovery has been completed as no one requested an extension of the discovery deadline, or perhaps counsel for Boyington and Waste Management are awaiting a decision on these motions before requesting adjustments to the current deadlines. Nevertheless, based upon the submissions for resolution of the motions currently before the court, it does not appear that any discovery has occurred in the state action. Thus, this factor weighs against abstention.

### *(5) whether federal or state law controls*

In this action, only Pennsylvania substantive law is at issue as the accident occurred in Pennsylvania. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Although the presence of federal issues always weighs against abstention, abstention cannot be justified simply because a case arises entirely under state law. *Moses H. Cone*, 460 U.S. at 26. Federal jurisdiction is often invoked under the diversity statute, as is the case here, requiring federal courts routinely to interpret issues entirely within the realm of state law. Accordingly, this factor does not weigh in

15

favor of abstention.

### *(6) whether the state court will adequately protect the interests of the parties*

The adequacy of the state forum normally is only relevant when the state forum cannot adequately protect the rights of the parties. *Moses H. Cone*, 460 U.S. at 26–27; *Ryan*, 115 F.3d at 200. The state forum in the instant case is certainly adequate, and this factor neither supports nor refutes abstention.

Having balanced the relevant factors, we find that this case does not present the "exceptional circumstances" necessary to abstain under the *Colorado River* doctrine. For these reasons, the motions to dismiss (Doc. 35; Doc. 36) will be denied.

An appropriate order follows.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: April 6, 2018