# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN. J. CARSTEN,

    Plaintiff,

v.

CINDY A. BOYLAN and
ANDREW F. BOYLAN, her
husband, et al.,

    Defendants

v.

WASTE MANAGEMENT OF
PENNSYLVANIA, INC. and
BRANDON BOYINGTON,

    Additional Defendants.

No. 3:17-cv-00733

(Saporito, M.J.)



## MEMORANDUM

This diversity action is before us on the motion for reconsideration (Doc. 45) filed by additional defendants Waste Management of Pennsylvania, Inc. and Brandon Boyington. They seek reconsideration of our order (Doc. 44) denying their motions to dismiss which sought abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (Doc. 35; Doc. 36). For the reasons set forth herein, we will deny the motion for reconsideration.

## I. Statement of Facts

As we write solely for the parties, we incorporate our recitation of the facts and applicable law set forth in our Memorandum dated April 6, 2018. (Doc. 43). *Carsten v. Boylan*, No. 3:17-cv-00733, 2018 WL 1696649 (M.D. Pa. Apr. 6, 2018). In their motion for reconsideration, Waste Management and Boyington contend that we erred as a matter of law in denying their motions to dismiss, which had the practical effect of creating a manifest injustice to the many parties involved in three litigations arising from the same motor vehicle accident. The three litigations include this action in federal court, the action initiated by the Boylans in state court, and the subrogation action initiated by Carsten's insurer in state court against the Boylans. The subrogation action is confined to state court regardless of our decision as the amount in controversy does not exceed $75,000. As the motion for reconsideration has been fully briefed, it is ripe for disposition.

## II. Legal Standards

A motion for reconsideration is a device of limited utility, which serves to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909

(3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering or amending a court's ruling: (1) "an intervening change in the controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Soto v. Sleet*, 458 Fed. App'x 89, 90 (3d Cir. 2012) (citing *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)). "It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Snyder v. United States*, No. 07-450, 2013 WL 1730537, at *1 (M.D. Pa. Apr. 22, 2013) (citing *Drysdale v. Woerth,* 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001)).

## III. Discussion

Waste Management and Boyington argue that we made a manifest error of law when we determined that abstention was not warranted in this matter. Upon review of the additional defendants' motion papers, their argument is a narrow one. They contend that we erred in failing to address or follow *Trent v. Dial Medical of Florida*, 33 F.3d 217 (3d Cir. 1994), which they maintain is "better suited for

3

serving the interests of 'wise judicial administration'" than *Ryan v. Johnson*, 115 F.3d 193 (3d Cir. 1997), a subsequent decision by the Third Circuit upon which we principally relied in our previous decision. (Doc. 45, at 17). Under *Trent*, these defendants argue, the "avoidance of piecemeal litigation" is the paramount factor in considering whether to abstain under *Colorado River*, particularly where state rather than federal law is at issue. (*Id.*). The *Ryan* approach, they argue, "simply ignores the reality of the harms that piecemeal litigation will wreak," and thus "should not be followed." (*Id.*). They suggest that we are presented with a choice between two conflicting panel opinions by the Third Circuit, and that it was clear error for us to follow *Ryan* instead of *Trent*, which the additional defendants subjectively find to be more persuasive.

We find no error in our reliance on *Ryan*, much less clear error. Nor do we find any error in our failure to discuss *Trent* in weighing the "avoidance of piecemeal litigation" factor under *Colorado River*. As the Third Circuit itself best explained in *Ryan*:

> We cannot reconcile *Trent* with either the caselaw of this circuit, or *Colorado River* and [*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 461 U.S. 1 (1983)]. . . . [N]either we nor the Supreme

4

Court had ever held, until our decision in *Trent*, that the mere possibility of piecemeal litigation justifies *Colorado River* abstention; rather, there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review. The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts.

Indeed, if the mere possibility of concurrent state-federal litigation satisfies *Colorado River*'s "piecemeal adjudication" test, the test becomes so broad that it swallows up the century-old principle expressed in *University of Maryland* [*v. Peat Marwick Main & Co.*, 923 F.2d 265 (3d Cir. 1991)], *Colorado River*, *McClellan* [*v. Carland*, 217 U.S. 268 (1910),] and [*Chicot County v.*] *Sherwood*[, 148 U.S. 529 (1893),] that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction[.]" If this were the law, it is difficult to conceive of *any* parallel state litigation that would not satisfy the "piecemeal adjudication" factor and militate in favor of *Colorado River* abstention. If that is true, then the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them[]" recognized in *Colorado River* and reiterated in *Cone* would effectively be eviscerated, a result we cannot presume either the Supreme Court or this court to have intended.

[Moreover,] [u]nder Third Circuit Internal Operating Procedure 9.1, when two decisions of this court conflict, we are bound by the earlier decision. It is clear that, under our prior caselaw, specifically *University of Maryland, Kentucky West Virginia Gas Co.* [*v. Pennsylvania Public Utility Commission*, 791

5

> F.2d 1111 (3d Cir. 1986)], *Harris* [*v. Pernsley*, 755 F.2d 338 (3d Cir. 1985),] and *Western Auto Supply* [*Co. v. Anderson*, 610 F.2d 1126 (3d Cir. 1979)], the "piecemeal adjudication" factor would not have been satisfied by the presence of a state law negligence action. Thus, we will not apply *Trent's* pronouncement on this point to decide the issue before us.

*Ryan*, 115 F.3d at 198–99 (non-textual citations omitted) (emphasis in original). If any room for doubt may be found in *Ryan*'s discourse, the Third Circuit later found cause to revisit and underscore this holding in *Spring City Corp. v. American Buildings, Co.*, 193 F.3d 165 (3d Cir. 1999):

> Spring City relies on this court's decision in *Trent* . . . . We held in *Ryan* that under Third Circuit Internal Operating Procedure 9.1, our prior case law takes precedence over an inconsistent later case. We agree and hold that *Ryan* represents the applicable law under Third Circuit and Supreme Court precedent.

*Spring City*, 193 F.3d at 172 (citations omitted).

Moreover, *Trent* is distinguishable from the facts of this case. There, Earl Trent filed a class action complaint in federal court. Edwin Sneed had *previously* filed a similar class action in state court, a factor considered in *Trent* and weighed in favor of abstention. In this case, Carsten filed his complaint in federal court on April 25, 2017, while the Boylans initiated their state court action by writ of summons seven

6

months later—November 29, 2017. Their complaint was filed two and one-half months later on February 13, 2018—almost ten months after Carsten initiated this action in federal court. In the federal court action, the Boylans filed a timely motion to dismiss for partial dismissal (Doc. 7), which was defended by Carsten and ruled upon by the court. (Doc. 18; Doc. 19). A case management conference was conducted by the court followed by a case management order. (Doc. 15). A joinder complaint and a third-party complaint were also filed. (Doc. 20; Doc. 21). An order extending the case management deadlines upon the Boylans's unopposed motion was granted. (Doc. 30). Notwithstanding the additional defendants' subjective opinion to the contrary, we find that substantial progress has been made in this federal case. *Carsten*, 2018 WL 1696649, at *5.

The additional defendants point out that in our Memorandum we presumed that discovery was completed. (Doc. 45, at 18). We also said that we made that presumption as no one requested an extension of the discovery deadline. Further, we recognized and anticipated that counsel for Waste Management and Boyington might yet request deadline extensions upon review of our decision on their motions to

dismiss. *Carsten*, 2018 WL 1696649, at *5. (Doc. 43, at 15). In fact, simultaneous with the filing of the instant motion for reconsideration, all counsel filed a joint motion to extend the deadlines, which we granted. (Doc. 47; Doc. 48). Despite the additional defendants' contention, our decision did not hinge on the "mistaken understanding" (Doc. 45, at 8) that discovery was completed as we anticipated a forthcoming motion to extend all deadlines.

The additional defendants also argue that we ignored the opinion of *Boyd v. Allied Props.*, Civ-Action No. 10-5978, 2011 WL 1465454 (E.D. Pa. Apr. 18, 2011), with respect to the fifth factor whether federal or state law controls. In our Memorandum, we stated that as this is a diversity action, Pennsylvania substantive law applies and in such matters where federal jurisdiction is invoked under the diversity statute, federal courts are routinely called upon to interpret issues entirely within the realm of state law. *Carsten*, 2018 WL 169669, at *5. (Doc. 43, at 15). Under those circumstances, we were not persuaded that the application of Pennsylvania law weighed in favor of abstention. *See Ryan*, 115 F.3d at 200 ("Although it is possible that some case could involve a skein of state law so intricate and unsettled that resolution in

the state courts might be more appropriate, traditional negligence law does not fit that description. It is an area, rather, in which the federal courts are called upon routinely to predict state law.").

Diversity cases require the application of state law. If we followed the additional defendants' reasoning, a litigant sued in federal court could easily oust a plaintiff from federal court by filing a claim arising under the same facts in state court. *See Ryan*, 115 F. 23d at 200 ("were we to consider the 'state law issue' factor to be met in this case, it would be applicable in many more instances then the 'rare circumstances' required by the Supreme Court in *Cone*. Instead, it would be met in nearly every diversity case in which the law was not entirely settled."). That is simply not what the Supreme Court intended when it decided *Colorado River*.

Finally, the additional defendants maintain that our decision imposes a manifest injustice on all parties with all three litigations proceeding on parallel tracks. They argue that the parties will now be subjected to a "plethora of duplicative written discovery, the prospect of individuals being deposed more than once, and the very real probability (especially with multiple attorneys representing parties in their dual

9

capacities as plaintiffs and defendants) of inconsistent evidence, factual findings, and verdicts." (Doc. 45, at 9). The fact that there are multiple attorneys involved does not change whether the case is tried in federal court or state court. Counsel in all three actions can certainly stipulate to depose each witness in a single sitting for the purposes of all three cases. Moreover, if the parties elected to utilize this court's mediation program, perhaps settlement can be achieved for all three actions together, thereby alleviating the need for continued litigation.

Accordingly, Waste Management and Boyington have failed to demonstrate grounds for reconsideration of our Order of April 6, 2018.

An appropriate order follows.

*Joseph F. Saporito Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: June 4, 2018